IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

WAYNE SCOTT,

    Plaintiff,

v.

WARDEN OF JESSUP CORRECTIONAL INST, et al.,
    Defendants.

Civil Action No.: 24-cv-2684-LKG

Dated: December 19, 2024

**MEMORANDUM OPINION**

    Plaintiff Wayne Scott, who is currently incarcerated at Roxbury Correctional Institution ("RCI"), filed documents with the Court that were construed as a civil rights Complaint filed pursuant to 42 U.S.C. § 1983. Scott alleged that he was injured when he was caught in a tier door on June 21, 2022, while incarcerated at Jessup Correctional Institution ("JCI"). ECF No. 1. Plaintiff was provided an opportunity to file an amended complaint to correct noted deficiencies. ECF No. 4. Plaintiff filed an Amended Complaint (ECF No. 7) naming as Defendants "Warden JCI", "JCI Rover Operator", and "Clerk IGO". ECF No 7 at 1. He also has requested permission to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(a). Because Plaintiff appears indigent, his request to proceed without pre-payment of the filing fee is granted. The Amended Complaint, filed pursuant to 42 U.S.C. § 1983, has been reviewed by the Court with respect to the 28 U.S.C. §§ 1915(e)(2)(B) and 1915A criteria.

    This Court is obliged by 28 U.S.C. § 1915A to screen prisoner complaints and to dismiss any complaint that is "frivolous, malicious or fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b). The pleadings of self-represented litigants are liberally construed. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). For the reasons that follow, the Amended Complaint cannot proceed.

Plaintiff's Amended Complaint cannot proceed against the Warden of JCI. In a suit arising under 42 U.S.C. § 1983, the doctrine of respondeat superior generally does not apply and liability attaches only upon a defendant's personal participation in the constitutional violation. *See Wright v. Collins*, 766 F.2d 841, 850 (4th Cir. 1985); *see also Love-Lane v. Martin*, 355 F.3d 766, 782 (4th Cir. 2004). A supervisory official cannot be held liable for the acts of a subordinate unless the supervisor's "indifference or tacit authorization of subordinates' misconduct" can be deemed to have caused the injury to the plaintiff. *Baynard v. Malone*, 268 F.3d 228, 235 (4th Cir. 2001) (quoting *Slakan v. Porter*, 737 F.2d 368, 372 (4th Cir. 1984)). For a supervisor to be found liable for such acts, a plaintiff must prove that (1) the supervisor had actual or constructive knowledge that the subordinate was engaged in conduct that posed a pervasive and unreasonable risk of constitutional injury to individuals like the plaintiff; (2) the supervisor's response to that knowledge was so inadequate as to show deliberate indifference to or tacit authorization of the subordinate's misconduct; and (3) there was an affirmative causal link between the supervisor's inaction and the particular constitutional injury suffered by the plaintiff. *Id.* (quoting *Shaw v. Stroud*, 13 F.3d 791, 799 (4th Cir. 1994)). Other than naming the Warden in the caption of the Complaint, Plaintiff does not provide any allegations against the Warden that he claims resulted in his injury. Absent personal participation in the wrongs alleged, the claim against the Warden must be dismissed.

Plaintiff's claims against "IGO Investigator" also cannot proceed. Plaintiff asserts that the IGO Investigator failed to properly investigate his claim regarding his being caught in a door. There is no constitutional right to a prison grievance procedure, nor access to it if one has been established. *Adams v. Rice*, 40 F.3d 72, 75 (4th Cir. 1994), *cert. denied*, 514 U.S. 1022 (1995). Even assuming, *arguendo*, that Defendant did not satisfactorily investigate or respond to Plaintiff's remedy requests, no underlying federal claim has been stated. The grievance process creates no inherent liberty interest, and does not impede an inmate's access to the courts. *See Sandin v. Conner*, 515 U.S. 472 (1995).

Lastly, Plaintiff's claim against "Rover Operator" may not proceed. Plaintiff claims that he was injured when he was caught in a door presumably operated by Defendant "Rover Operator". ECF No. 7. He also claims that another "Rover Operator" was "asleep" and did not notice he was caught in the door. *Id.* "[N]ot all undesirable behavior by state actors is unconstitutional." *Pink v. Lester*, 52 F.3d 73, 75 (1995) (citing *Paul v. Davis*, 424 U.S. 693, 701

2

(1976)). In order to prevail on an Eighth Amendment claim of failure to protect from a risk of harm, Plaintiff must establish that Defendants exhibited deliberate or callous indifference to a specific known risk of harm. *See Pressly v. Hutto*, 816 F.2d 977, 979 (4th Cir. 1987). "[A] prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id*. at 837, *see also Rich v. Bruce*, 129 F.3d 336, 339-40 (4th Cir. 1997).

Plaintiff fails to provide any facts which would elevate the conduct of staff beyond mere negligence. The subjective prong of an Eighth Amendment claim requires the plaintiff to allege facts that indicate a particular defendant acted with deliberate indifference. *See Farmer v. Brennan*, 511 U.S. 825, 837 (1994). "Deliberate indifference is a very high standard—a showing of mere negligence will not meet it." *Grayson v. Peed*, 195 F.3d 692, 695 (4th Cir. 1999) (citing *Estelle v. Gamble*, 429 U.S. 97, 105–06 (1976) ). The deliberate indifference standard requires a plaintiff to assert facts sufficient to form an inference that the Defendant "subjectively recognized a substantial risk of harm" and also "subjectively recognized that his actions were 'inappropriate in light of that risk.'" *Parrish ex rel. Lee v. Cleveland*, 372 F.3d 294, 303 (4th Cir. 2004) (quoting *Rich*, 129 F.3d at 340 n.2).

Plaintiff fails to allege facts indicating that any Defendant knew of and disregarded an excessive or substantial risk of serious injury when the door closed on him. *See Farmer,* 511 U.S. at 837. Rather, Plaintiff alleges facts that plausibly suggest an accident, or at most a claim of negligence which is not actionable under § 1983. "An accident, although it may produce added anguish, is not on that basis alone to be characterized as wanton infliction of unnecessary pain." *Estelle*, 429 U.S. at 105. Plaintiff fails to allege any facts that suggest a violation of the Eight Amendment. *See Brazelton v. Holt,* 462 F. App'x 143, 146 (3d Cir. 2012) (explaining that officer shutting inmate's hand in door causing injury was either "an unfortunate accident" or "an accident compounded by negligence and carelessness," but "neither scenario" amounted to an Eighth Amendment violation); *Hickman v. Hudson*, 557 F. Supp. 1341, 1346 (W.D.Va. 1983 ) (citations omitted) (holding that "the alleged negligent closing of a cell door on plaintiff's hand does not state a claim under the Eighth Amendment"). Because Plaintiff does not allege facts

3

indicating that the Rover Operators were deliberately indifferent, Plaintiff's Eighth Amendment claim against must be dismissed.

Plaintiff is forewarned that his right to pursue relief in federal court at public expense will be greatly curtailed if he has three actions or appeals dismissed under the provisions of 28 U.S.C. §§ 1915(e)(2)(B)(i) or (ii) and 1915A(b)(1). Specifically, if he has "on three or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless" he can establish he "is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). Additionally, dismissal with or without prejudice for any of the grounds enumerated in 28 U.S.C. §§ 1915(e)(2)(B)(i) or (ii) may later be deemed a "strike" under the Act. *Lomax v. Ortiz-Marquez*, 590 U.S.___, 140 S.Ct. 1721, 1724 (2020); *see also* 28 U.S.C. § 1915(g), *Pitts v. South Carolina*, 65 F.4th 141 (4th Cir. 2023) (holding district court may not, at the time it dismisses a complaint under §1915(e), determine that the dismissal will count as a strike in the future application of § 1915(g)'s three strike rule).

This case is dismissed under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim. A separate Order follows.

_____
LYDIA KAY GRIGGSBY
United States District Judge